UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>BAYSHORE MALL, et al.,<br><br>        Defendants. | Case No.  12-cv-02368-JST<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION ON THE ISSUE OF PUNITIVE DAMAGES**<br><br>Re: Dkt. No. 86 |

    Now before the Court is Defendants' Motion for Partial Summary Judgment or, in the Alternative, Motion for Summary Adjudication on the issue of punitive damages.  ECF No. 86.

    Plaintiff here was injured by a falling ceiling tile that became dislodged during an earthquake while she was visiting Defendants' mall.  She alleges that Defendants were aware that the ceiling was maintained in a negligent condition such that it was likely that tiles would separate during an earthquake; that Defendants were aware of that risk for a decade-and-a-half prior to her injury; and that Defendants did nothing to repair the ceiling or otherwise mitigate the risk of injury.  She brings California common law claims for negligence and premises liability.  She further seeks punitive damages on the grounds that Defendants are guilty of "malice" pursuant to California Civil Code section 3294.

    Under California law, punitive damages are not ordinarily available in connection with a tort such as negligence; the plaintiff must allege willful conduct.  "Something more than the mere commission of a tort is always required for punitive damages."  Taylor v. Superior Court, 24 Cal. 3d 890, 894, 598 P.2d 854 (1979) (quoting Prosser, Law of Torts (4th ed. 1971) § 2, at pp. 9-10).  However, the law in California is also clear that a defendant's "conscious disregard of the safety of others" can supply the necessary "something more" that would support a finding of malice.

1  Taylor, 24 Cal. 3d at 894-95. "In order to justify an award of punitive damages on this basis, the
2  plaintiff must establish that the defendant was aware of the probable dangerous consequences of
3  his conduct, and that he wilfully and deliberately failed to avoid those consequences." Id. at 895-
4  96.

5        One California appellate division has summarized the kind of evidence that permits a jury
6  to find conscious indifference to the safety of others:

> In Nolin [v. National Convenience Stores, Inc. 95 Cal. App. 3d 279 (1979)], defendant operated a convenience store which included self-service gasoline pumps. Defendant was repeatedly advised by his employees over a four to five month period of a malfunction in the nozzle of one pump which caused the pump to overflow when in use, spilling gasoline on the ground. Store employees testified that they had repeatedly requested repair; one ineffective attempt to repair was made; defendant was advised of two separate incidents of people slipping and falling in the pump area prior to the plaintiff's fall. Defendant required the store manager to remove warning signs placed at the pumps and to stop advising patrons of hazards in the pump area over a loudspeaker[;]
>
> [In] Hasson v. Ford Motor Co. (1982) 32 Cal. 3d 388 (1982) . . . , the Ford manager testified that Ford (a) knew of the fluid boil problem, (b) failed to warn in order to protect reputation of the Continental, (c) knew there would be no brakes whatever if boil occurred, and (d) consciously disregarded that danger in not putting in dual master cylinders; [and]
>
> [In] Grimshaw v. Ford Motor Co. 119 Cal. App. 3d 757 (1981) . . . , evidence was presented that Ford, as a result of crash tests, knew that the Pinto's fuel tank and rear structure would expose consumers to serious injury or death at low speed collisions; that Ford could have corrected the hazardous design defects at minimal cost but (balanced) human lives and limbs against corporate profits (and did not). Ford's institutional mentality was shown to be one of callous indifference to public safety.

Woolstrum v. Mailloux, 141 Cal. App. 3d Supp. 1, 5-6 (App. Dep't Super Ct. 1983).

      The present case is very much in line with the foregoing authorities. If Plaintiff's evidence is believed, the jury could find that the premises suffered through an earthquake in 1994, and that

Defendants[1] hired an engineering firm in early 1995 to conduct an inspection. The engineering report concluded:

> Ceiling throughout the mall experienced minor motion which dislodged some acoustical tile as well as some decorative metal soffits. These need to be thoroughly inspected for identification and removal of falling hazards . . . . Of greater potential importance, General Growth is advised that in a more severe ground motion event, major portions of the ceiling are likely to be affected, and that falling hazards are like [sic] to be widespread.

The engineering report further concluded that this condition "can potentially present [a] threat[] to occupant safety."

15 years later, Plaintiff was injured when an earthquake struck when she was visiting the premises in 2010.

In 2010, after Plaintiff's injury, Defendants hired an engineering firm to assess the damage to the property. The firm concluded that "during an inspection of the roof support structures situated above the suspended ceiling in the mall-way section of the building, it was observed that the suspended ceiling system in the southern three quarters of the mall-way was not properly braced for seismic events."

Based on this evidence, the jury could conclude that Defendants received the 1995 report, that the premises were in a hazardous condition, that Defendants were aware of the hazard and of the risk that occupants might be injured, and that Defendants took no steps to eliminate or mitigate the hazard. This would be sufficient to show a conscious disregard of the safety of others that would support the "malice" element of section 3294.[2]

The Court finds that Plaintiff has presented sufficient evidence from which a reasonable jury could find, by a clear and convincing standard, that Defendants are guilty of malice as set

---

[1] Defendants contend that they were each in different positions vis-à-vis their ownership or control of the property. Individual defendants' ownership or control is also a disputed issue of fact that must be resolved by the jury, so on this motion the Court refers to "Defendants" as a group for ease of reference.

[2] Of course, the jury might also conclude that the premises were not hazardous or that Defendants were not sufficiently aware of any hazard. But the Court cannot conclude now, as a matter of law, that any reasonable jury would be required to reach that conclusion.

forth in California Civil Code section 3294.  Accordingly, Defendants' motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated:  April 16, 2014

_____
JON S. TIGAR
United States District Judge